By the Court.—Cardozo, J.
As the order of arrest in this action was granted by me, I may take the liberty of saying that it was most inadvertently granted upon an affidavit which I am satisfied was entirely insufficient, and that had the application b.elow been to vacate the order on that ground alone, it should, and would, have prevailed. But as the defendant did not rely exclusively on the plaintiff’s papers, but moved on the merits, it will not be necessary to review and point out the defects of the original affidavits, especially since if that affidavit be assumed to be sufficient, the order below was right on the whole case as disclosed by both sides.
The application for arrest was made under subd. 3 of section 179 of the Code. In such cases, the right to arrest does not spring from the cause of action, and consequently the rule that where the cause of action furnishes the. ground df arrest, the order will not be vacated upon a denial of the alleged cause of action, because that would be to try the case on affidavits, has no application.
This action, which, when suits had names, would have been called an action of replevin, was brought to recover the possession of personal property.
In such actions, the defendant cannot be held to bail, as a matter of course, but if it appear that he has concealed, removed or disposed of tire property or any part thereof, so that it cannot be found or taken by the sheriff, and with intent that it shall not be so found or taken, or with the intent to deprive the plaintiff thereof, he may be arrested.
The right to arrest, therefore, depends not upon the character of this action, but upon the question whether the defendant has *421 concealed, removed or disposed of the property so that it cannot be found or taken by the sheriff, and with the intent that it shall not be so found or taken, or with the intent to defraud the plaintiff of the benefit thereof. This is not matter which could be averred in the complaint, and traversed by the answer, .and, therefore, is not within the reason of the rule which refuses to try the merits of an action on affidavits.
This is really the only question which is worthy of remark, for no one can read the papers on this appeal without concluding that the preponderance of evidence is decidedly in favor of the defendant. But even if this were not so apparent, as the papers are conflicting, I think the proper rule is to hold that the decision below must be regarded as conclusive on the facts.
I think the order below is clearly right, and should be affirmed, with costs.